13-288-cv
*Preusser ex rel. E.P. v. Taconic Hills Cent. Sch. Dist., et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of December, two thousand thirteen.

Present:     Robert D. Sack
             Peter W. Hall
             Debra Ann Livingston

                         *Circuit Judges*,

_____

Raymond Preusser *ex rel.* E.P., Beverly Preusser *ex rel.* E.P.,

             *Plaintiffs-Appellants*,

             v.                                               13-288-cv

Taconic Hills Central School District, John V. Gulisane, Jr.,
sued in his individual capacity,

             *Defendants-Appellees*.

_____

FOR APPELLANTS:              Stephen Bergstein, Bergstein & Ullrich, LLP, Chester, New
                             York.

FOR APPELLEES:               Patrick J. Fitzgerald, III, Girzin & Ferlazzo, P.C., Albany,
                             New York.

_____

Appeal from a judgment and order of the United States District Court for the Northern District of New York (D'Agostino, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Raymond and Beverly Preusser (the "Preussers"), on behalf of their minor son, E.P., filed suit against Taconic Hills Central School District alleging violations of Title VI of the Civil Rights Act of 1964 and against John Gulisane alleging violations of the Equal Protection Clause cognizable under 42 U.S.C. § 1983. The Preussers appeal from the district court's award of summary judgment in favor of Defendants-Appellees. We review an award of summary judgment *de novo*. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In order for the Preussers to succeed on their Title VI and § 1983 claims, they are required to prove intentional racial discrimination. *See Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 664-65 (2d Cir. 2012) (noting that Title VI prohibits intentional discrimination on the basis of race, color, or national origin); *DiStiso v. Cook*, 691 F.3d 226, 240 (2d Cir. 2012) ("To prevail on a § 1983 claim of race discrimination in violation of equal protection, the law requires a plaintiff to prove the defendant's underlying racially discriminatory intent or purpose." (internal quotation marks omitted)).

"[I]n the educational setting, a school district is liable for intentional discrimination when it has been 'deliberately indifferent' to teacher or peer harassment of a student." *Zeno*, 702 F.3d at 665. "[A] school district's actions are only deliberately indifferent if they were 'clearly unreasonable in light of the known circumstances.'" *Id.* at 666 (quoting *Davis ex rel. Lashonda*

2

*D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 648 (1999)). "[C]laims of intentional race discrimination can be based on the 'deliberate indifference' of school boards, administrators, and teachers to invidious 'harassment, in the school environment, of a student by other children or parents.'" *DiStiso,* 691 F.3d at 240-41 (quoting *Gant ex rel. Gant v. Wallingford Bd. of Educ.*, 195 F.3d 134, 140 (2d Cir. 1999)).

Regarding their §1983 claim against Gulisane, the Preussers argue that summary judgment was improperly granted because the district court applied an incorrect legal standard, analyzing the case as though it were a claim asserting selective enforcement of the law. *See Preusser ex rel. E.P. v. Taconic Hills Cent. Sch. Dist.,* No. 1:10-CV-1347 (MAD), 2013 WL 209470, at *13 (N.D.N.Y. Jan. 17, 2013). We agree that the district court applied the incorrect legal standard. As we stated in *DiStiso*, a §1983 equal protection claim asserting racial harassment of a student by another student requires proof

> (1) that the child in question was in fact harassed by other students based on his race; (2) that such race-based harassment was 'actually known' to the defendant school official; and (3) that the defendant's response to such harassment was so 'clearly unreasonable in light of the known circumstances' as to give rise to a reasonable inference that the defendant himself intended for the harassment to occur.

*DiStiso,* 691 F.3d at 241 (citations omitted). Applying the appropriate standard under *DiStiso* and for the reasons that follow, we hold that the judgment in favor of Defendant-Appellees was properly entered.

The Preussers contend that while E.P. was in the third and fifth grades, Defendants-Appellees were deliberately indifferent to racial harassment by his classmate, E.H. We analyze each contention in turn.

The Preussers assert that when E.P. was in third grade Mr. Preusser informed Gulisane that E.P. was being called names, that Gulisane failed to act on this information and, therefore,

3

was deliberately indifferent to the racial harassment. Viewed in the light most favorable to the Preussers, the evidence in the record fails to show any basis on which Gulisane or other school officials knew or should have known E.P. was being harassed on account of his race. At most the record indicates Mr. Preusser informed Gulisane that his son was being called "names" without specifying the nature of the name calling. *See Gant*, 195 F.3d at 142-43 nn. 8 & 9 (testimony that school officials were told simply that a child was called "names" permits no inference that the name-calling was racially motivated).

With regard to the fifth grade harassment the record reflects that when the school district was made aware of the harassment, school officials disciplined E.H. For example, when E.H. referred to E.P. as "poopy" and "brownie," Gulisane met with the parents of both students and initiated a plan to resolve the issue. The uncontroverted evidence that such action was undertaken precludes a finding that the school's response was clearly unreasonable and thus precludes a determination that Defendants-Appellees were deliberately indifferent. Although E.P.'s parents may not agree with the school's approach, "victims do not have a right to specific remedial measures." *Zeno*, 702 F.3d at 666.

Having conducted a *de novo* review of the record, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk